# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| ADOLFO O'CON, | § | CIVIL ACTION NO: |
| | § | |
| PLAINTIFF | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | PLAINTIFF'S ORIGINAL |
| | § | COMPLAINT |
| BRADEN URQUHART 0646, | § | |
| BRENNON ECKERT #354, | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiff **ADOLFO O'CON**, to file this, his original complaint against Defendants, Officers **BRADEN URQUHART & BRENNAN ECKERT**:

### INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 that arises out of the unreasonable arrest and seizure of Plaintiff Adolfo O'Con that occurred on February 15, 2022 when the defendant police officers unlawfully arrested Mr. O'Con without probable cause and used excessive force in effectuating the arrest. Specifically, Defendant Deputies Urguhart and Eckert interjected themselves into a dispute between Mr. O'Con and another individual because of their personal relationship with that individual. They then placed Mr. O'Con under arrest for interference with public duties, even though Mr. O'Con did nothing other than remain in his garage and request access to his vehicle to retrieve the item that was the subject of the dispute. These charges were immediately dismissed by the prosecutor's office. In effecting the arrest, the

1

officers grabbed Mr. O'Con by both arms, slammed him against the wall in the garage, swept his legs from underneath him, and repeatedly punched him in the head and kneed him while he was on the ground.  As a result of their assault, Mr. O'Con suffered from a fractured left orbital bone, a ruptured left tricep, a torn left rotator cuff, a torn bicep tendon, and bruised ribs.  The ruptured tricep required surgery to repair. Additionally, at the time of the unlawful arrest and use of excessive force, Mr. O'Con was undergoing chemotherapy for Stage IV colorectal cancer and had an insertion MediPort to deliver his chemotherapy treatments.  During their unconstitutional assault and beating of Mr. O'Con, his MediPort suffered trauma that rendered it defective. This necessitated Mr. O'Con undergoing surgery to replace the port.  Mr. O'Con was also unable to receive his chemotherapy treatments during the time the port was defective, and Mr. O'Con developed two new cancer modules.

2. Defendant Urquhart and Eckert's actions violated Mr. O'Con's constitutional rights to be free from excessive force, resulting in significant damages to Mr. O'Con.  Further, under well-established law on the excessive and unreasonable use of force, defendants are not entitled to qualified or any other immunity for these actions.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth Amendment to the United States Constitution, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

4. Venue lies in U.S. Northern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Adolfo O'Con is an individual residing in Canyon, Texas.

6. Defendant Braden Urquhart (Deputy Urquhart) is an individual residing in Randall County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Urquhart while he was acting under color of state law. He may be served at his place of employment, the Randall County Sheriff's Office, 9100 S Georgia St, Amarillo, TX 79118.

7. Defendant Brennon Eckert is an individual residing in Randall County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Eckert while he was acting under color of state law. He may be served at his place of employment, the Randall County Sheriff's Office, 9100 S Georgia St, Amarillo, TX 79118.

## FACTUAL BACKGROUND

8. On February 15, 2022, Adolfo O'Con was a fifty year old father of three who had been married to his wife for 25 years. Mr. O'Con worked in healthcare for 30 years with an Associate Degree in Nursing, a Bachelors Degree in Health Science and a Masters in Health Administration.

9. Mr. O'Con was diagnosed with Stage 4 Colon Cancer Terminal on August 7, 1980. Subsequent to that diagnosis, he had been receiving chemotherapy every 14 days since September 15, 2020. His chemotherapy utilized a MediPort device that was implanted in his chest.

10. Mr. O'Con was a member of Anytime Fitness. Anytime Fitness is a fitness center and gym that permits their members access to exercise equipment 24/7.

11. On February 15, 2022, Mr. O'Con arrived at the Anytime Fitness at 4514

First United Drive in Amarillo, TX at approximately 3am. While at the gym, Mr. O'Con saw a pair of Apple AirPods that had been left at the gym by another member. Because of the time, there were no employees of Anytime Fitness at the gym. As a result, Mr. O'Con took possession of the AirPods and left a message with the manager of the Anytime Fitness, Mr. Sam Baker, to inform him that he had the Airpods and would bring them to Mr. Baker when he was available.

12. At approximately 10.30 p.m. on the night of February 15, 2022, Mr. O'Con observed an individual opening and closing the doors of one of Mr. O'Con's cars that was parked on the street in front of their house. Mr. O'Con informed the man that it was improper for him to trespass on his property and open his car door. The man informed Mr. O'Con that he had lost his Airpods and that he tracked them using a GPS feature to Mr. O'Con's house.

13. Mr. O'Con asked the man for his name and the location where he had lost the Airpods. Mr. O'Con requested the man's name so that he could tell the manager of the Anytime fitness, who he had returned the AirPods to. The man refused to provide his name and told Mr. O'Con that he had lost the Airpods at a location other than Anytime Fitness where Mr. O'Con found them. This aroused Mr. O'Con's suspicion, and he informed the man that he would return the AirPods to Anytime fitness, and the man could retrieve them there.

14. Upon information and belief, the man contacted Defendant Deputy Urquhart, a personal friend. Defendants Urquhart and Eckert then arrived at Mr. O'Con's home. Defendant Urquhart then called Mr. O'Con and requested that he step outside to discuss the AirPods.

15. Upon Mr. O'Con stepping outside his home into his garage, Defendant Deputies Urquhart and Eckert approached Mr. O'Con. Defendant Deputy Eckert walked behind

4

Mr. O'Con and Defendant Deputy Urquhart was in front of Mr. O'Con.

16. Defendant Deputy Urquhart asked Mr. O'Con if he had the AirPods, and Mr. O'Con responded that the AirPods were in his truck. Defendant Deputy Urquhart had positioned himself between Mr. O'Con and his truck where the AirPods were located. Mr. O'Con asked Defendant Deputy Urquhart four times to move so that he could retrieve the AirPods. Defendant Deputy Urquhart refused each time, stating that Mr. O'Con would shut the garage door on him if he did so.

17. Defendant Deputy Urquhart's purported reason for refusing to move was untrue because Defendant Deputy Eckert was in the garage between Mr. O'Con and the garage door panel. Mr. O'Con would have been unable to close the garage door.

18. Defendant Deputy Urquhart then stated Mr. O'Con was under arrest. Simultaneously, Defendant Deputies Urquhart and Eckert each grabbed one of Mr. O'Con's arms, pulled him in opposite directions. They then slammed him against a wall in the garage. Next, they swept his feet out from underneath him. Mr. O'Con was not resisting at the time Defendants grabbed him, slammed him against the wall or slammed him on the ground.

19. Once Mr. O'Con was on the ground, Defendant Deputies Urquhart and Eckert repeatedly punched Mr. O'Con in the head and face. They also kneed him repeatedly. They also continued to place their knee on his neck and shoulder area even after he was handcuffed. Mr. O'Con was not resisting at the time Defendants were punching him in the head and face.

20. As a result, Mr. O'Con suffered a fractured left orbital bone, a ruptured left tricep, a torn left rotator cuff, a torn bicep tendon, and bruised ribs. The ruptured tricep and torn rotator cuff required surgery to repair.



21.  Additionally, during their assault and beating of Mr. O'Con, his MediPort suffered trauma that rendered it defective. This necessitated Mr. O'Con undergoing surgery to replace the port. Mr. O'Con was also unable to receive his chemotherapy treatments during the time the port was defective, and Mr. O'Con developed two new cancer modules.

22.  Finally, despite the fact that the paramedics on the scene suggested that Mr. O'Con should be transported to the hospital after the assault, Defendant Deputy Urquhart overruled them and had Mr. O'Con transported to the jail. This resulted in Mr. O'Con undergoing further pain and suffering without treatment.

### **COUNT 1: PLAINTIFF'S CIVIL RIGHTS CLAIM FOR USE OF EXCESSIVE AND UNNECESSARY FORCE AGAINST DEPUTIES URQUHART & ECKERT UNDER 42 U.S.C. § 1983**

23. Mr. O'Con repeats and realleges each of the facts alleged in paragraphs 1-22.

24. Plaintiff brings a claim against the Defendants Deputies, Urquhart and Eckert, pursuant to 42 U.S.C. § § 1983 for the violation of his Fourth Amendment rights to be free from the use of excessive force.

25. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that the Defendant Officers' actions here were clearly unreasonable. Specifically, it was unreasonable and exercise of excessive force for Defendant Deputies Urquhart and Eckert to:

   a. Grab Mr. O'Con's arm and pull him in different directions to effectuate an arrest without giving an opportunity to surrender;

   b. Slam Mr. O'con against a wall in the garage, sweep his feet out from underneath him when he was not resisting;

   c. Repeatedly punch Mr. O'Con in the head and face to the point they fractured his left orbital bone;

   d. Knee him and kneel on Mr. O'Con even after he was handcuffed.

26. Therefore, by using excessive and unnecessary force while acting under color of state law, Defendant Deputies Eckert and Urquhart violated Mr. O'Con's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his physical

injuries, his mental and emotional distress and injuries, pain and suffering, and his hospital bills. Defendants are therefore liable to Plaintiff for all compensatory and exemplary damages and his attorneys' fees and costs.

## REQUEST FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

27. Plaintiff is entitled to his attorneys' fees and costs in this action under 42 U.S.C. § 1988. Plaintiff therefore requests that the Court and jury grant his request for attorneys' fees and costs.

## JURY DEMAND

28. Plaintiff respectfully requests a jury trial under Federal Rule of Civil Procedure 8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

/s/ Larry Taylor
Larry Taylor
SBOT: 24071156
Email: Ltaylor@CochranTexas.com
**THE COCHRAN FIRM**
1825 Market Center Boulevard
Suite 500
Dallas, Texas 75204

/s/ Dimitri Dube
Dimitri Dube

8

        TX State Bar No. 24068944
        The Cochran Firm
        1825 Market Center Boulevard
        Suite 500
        Dallas, TX
        469.233.1159 (cell)
        469.651.4260 tel
        Dd601@nyu.edu
        ddube@cochrantexas.com

        ATTORNEYS FOR PLAINTIFF